BANK OF ATKINS *v.* GRIFFIN.

4-6909 166 S. W. 2d 1019

Opinion delivered December 14, 1942.

1100

*Hays & Wait,* for appellant.

*Caudle & White,* for appellee.

HUMPHREYS, J. Appellant brought suit against appellees, E. P. Griffin and J. L. Griffin, to recover judgment on two promissory notes in the sum of $5,000 each, of date March 14, 1932, bearing interest at the rate of eight per cent. per annum from date until paid, upon which there was due $11,567.07, including principal and interest, and in addition to praying for a judgment against said appellees, sought to foreclose a mortgage of even date with the notes given to secure same upon an undivided three-ninths interest in 640 acres of land in Pope and Conway counties, alleging that said E. P. Griffin was the owner of an undivided one-ninth interest therein by inheritance from his father, Dr. J. L. Griffin, and was the owner of an additional one-ninth interest by conveyance of G. W. Griffin, his brother, which conveyance to him was by deed duly executed, acknowledged and delivered by said G. W. Griffin and Bessie Griffin, his wife, on March 10, 1919, which appears of record in the record of deeds of Pope county, Arkansas, in Record Book 3-F at page 516, also that J. L. Griffin was an owner of an undivided one-ninth interest by inheritance from his father, Dr. J. L. Griffin.

It was also alleged in the complaint that G. W. Griffin was in possession of a part of said land, cultivating same, but that as to whether he claims any interest in it, except as tenant, appellant is not advised, but that G. W. Griffin and Bessie Griffin, his wife, were made parties to the suit to the end that they may assert any interest or right that they or either of them may have or claim in the mortgaged premises.

The notes and mortgage were made exhibits to the complaint and all of appellees were served with summonses which were duly served on February 18, 1937.

On September 8, 1937, a decree was rendered against E. P. Griffin and J. L. Griffin by default for $11,567.07, with eight per cent. interest from February 11, 1937, until paid and declared same a lien on their interest in 640 acres of land described in the mortgage, finding that E. P. Griffin was the owner of an undivided one-ninth interest in said land by inheritance from his father, Dr. J. L. Griffin, and was the owner of an additional one-ninth interest by conveyance from his brother, G. W. Griffin, which conveyance to him was by deed duly executed, acknowledged and delivered by the said G. W. Griffin and Bessie Griffin, his wife, to appellee, E. P. Griffin, on March 10, 1919, and that, therefore, the said appellee, E. P. Griffin, is the owner of an undivided two-ninths interest in the above described land; and that J. L. Griffin is the owner of an undivided one-ninth interest in said land by inheritance from his father, Dr. J. L. Griffin. The decree provides that if said debt, interest and costs are not paid by December 31, 1937, the three-ninths undivided interest of E. P. Griffin and J. L. Griffin in said 640-acre tract be sold to satisfy the judgment, and appointed Hays Gibson, clerk, commissioner to carry out the decree.

A receiver was appointed by the court to take charge of the land and collect the rents during the pendency of the action.

A short time after the judgment and decree of fore-. closure was rendered, G. W. Griffin and Bessie Griffin, his wife, filed a motion to set the decree aside for reasons unnecessary to state in this opinion. The motion was sustained and the decree was set aside and they were permitted to file an answer setting up their interest in said land and, in substance, pleading that the deed executed by them to E. P. Griffin on March 10, 1919, to an undivided one-ninth interest in said tract of land was intended to be and was a mortgage to secure loans not to exceed $3,500 to be advanced to them from time to time by E. P. Griffin, and that said mortgage was finally paid off in the year 1925, and that said E. P. Griffin should have conveyed their undivided one-ninth interest

back to them at the time they paid the indebtedness they owed him; that appellant, through its president, J. M. Barker, Sr., had full knowledge that the instrument was intended as a mortgage, having advised E. P. Griffin to take the deed from G. W. Griffin and wife to protect him for loans which he had and intended to make to them; that at the time appellant acquired its first mortgage from E. P. Griffin and J. L. Griffin in 1926 to their interest in the 640-acre tract of land, and also at the time it acquired its renewal mortgage in 1932, which is sought to be foreclosed, appellant, through its president, J. M. Barker, Sr., understood and agreed that neither mortgage covered the undivided one-ninth interest of G. W. Griffin in said tract of land and that said mortgage only covered the interest of E. P. Griffin to the one-ninth interest therein he had inherited from his father.

Appellant filed a response to the answer denying the material allegations therein.

The cause was submitted to the court on the 10th day of March, 1942, on the pleadings, exhibits thereto, and the testimony introduced by the respective parties and the exhibits thereto, resulting in findings and a decree that the deed from G. W. Griffin and Bessie Griffin to E. P. Griffin, dated March 10, 1919, was in fact a mortgage to the said E. P. Griffin, of which appellant, the Bank of Atkins, had notice, and that the sums due by G. W. Griffin to appellee, E. P. Griffin, were fully paid prior to the execution of appellant's mortgage, and that said deed referred to in appellant's complaint, now appearing of record in the recorder's office in Pope county, Arkansas, in Deed Record 3-F at page 516, should be canceled, set aside and held for naught as a cloud upon the title of G. W. Griffin and Bessie Griffin, and dismissed the complaint for want of equity as to the one-ninth interest of G. W. Griffin and Bessie Griffin, and adjudged that the said G. W. Griffin recover of and from appellant or from the receiver, heretofore appointed herein, all rents due and collected by said receiver of said land, less one-ninth of all taxes paid by

said receiver, upon the land described in appellant's complaint, from which findings and decree appellant has duly prosecuted an appeal to this court.

The sole question, therefore, growing out of the record in this cause is whether the deed executed by G. W. Griffin and Bessie Griffin to E. P. Griffin on the 10th day of March, 1919, was intended to be and is a mortgage in fact or an absolute deed conveying the one-ninth interest of G. W. Griffin and Bessie Griffin to E. P. Griffin in said 640-acre tract of land.

According to the record, Dr. J. L. Griffin, the owner of 640 acres of land, died intestate leaving his widow and nine children. Each of the children inherited one-ninth interest in said tract of land subject to the widow's dower. E. P. Griffin became the administrator of the estate, and the several heirs who resided upon the land accounted to him for rents thereon. E. P. Griffin, J. L. Griffin and G. W. Griffin each owned a one-ninth interest in said tract of land. During the years of 1918 and 1919, G. W. Griffin became involved, and on the 10th day of March, 1919, he executed a warranty deed to E. P. Griffin for his undivided one-ninth interest in said land for a recited consideration of $3,500 in hand paid, the receipt whereof was acknowledged. The grantor placed upon this deed government stamps in the sum of $3.50 and canceled same. The deed was then recorded, and has remained on the record since that date.

G. W. Griffin testified, in substance, that the instrument was given to secure $500 that E. P. Griffin had already advanced and such sums as he would advance in the future to him in order to pay his attorney's fee in the criminal prosecution against him and to pay off any judgment which might be rendered against him in favor of a certain party who was threatening a suit against him; that the party subsequently obtained a judgment for $2,000 against him, which was compromised for $1,200 and which he, E. P. Griffin, paid; that thereafter, from year to year, he paid out of sales from his crops, after paying his rent, the total amount which had been

advanced to him, the last payment being made in 1925; that after making the payment to E. P. Griffin he said something to him about conveying the one-ninth interest back to him, but that he told him that he would attend to the matter when they partitioned the land, and that after that nothing was done as to satisfying the record or deeding the land back to him; that he had resided upon and cultivated a part of the land, which consisted of about 30 acres, after his father's death and accounted for the rents to the administrator of the estate; that he paid the amount his brother had advanced to him in checks, but afterwards changed his testimony to say that he paid the same in cash; that the deed was given to secure the indebtedness aforesaid and was intended as a mortgage.

His wife, Bessie Griffin, testified that the last payment on the indebtedness to E. P. Griffin was paid out of cotton she had raised on the land.

E. P. Griffin testified, in substance, the same as his brother, G. W. Griffin, but in addition thereto stated that he consulted J. M. Barker, Sr., the president of the appellant bank, relative to the trouble his brother was in, and that Mr. Barker advised him to take a deed from G. W. Griffin to his one-ninth interest in said real estate to secure him for such loans as he had already made to his brother, G. W. Griffin, and such loans as he might make in the future, and that he followed his advice and took the deed as security for the advances he made him; that it was intended as a mortgage and not as a deed; and also that at the time he and J. L. Griffin executed the first and second mortgages to appellant he called the attention of J. M. Barker, Sr., to the fact that he had taken a deed from G. W. Griffin and his wife to their undivided one-ninth interest therein under his, Barker's advice, and that he was not mortgaging G. W. Griffin's interest in the real estate to appellant bank, and that J. M. Barker, Sr., told him that he remembered the incident and that he did not intend to take a mortgage on the undivided one-ninth interest of G. W. Griffin in favor of the bank.

J. M. Barker, Sr., testified, in substance, that he knew nothing about G. W. Griffin and Bessie Griffin giving E. P. Griffin a deed to G. W. Griffin's undivided one-ninth interest in the land, and that he had never advised E. P. Griffin to take such an instrument; that at the time E. P. Griffin and J. L. Griffin mortgaged their interest in the 640-acre tract to him he did not tell E. P. Griffin that he was not taking a mortgage on the interest of G. W. Griffin which G. W. Griffin had conveyed to E. P. Griffin. He also testified that when he took the first and second mortgages in favor of appellant to secure the indebtedness E. P. Griffin and J. L. Griffin owed said appellant bank he investigated the record and ascertained that on the 10th day of March, 1919, G. W. Griffin had conveyed his undivided one-ninth interest in said land to E. P. Griffin and that in making the loan he relied upon the record.

The mortgages given to the bank by E. P. Griffin and J. L. Griffin in defining the interest in said land they were conveying to secure the loans recite:

" . . . all undivided interest which we now have or which we or either of us may acquire by inheritance or otherwise in the future to the following described lands. . . ."

The rule as to the *quantum* of testimony necessary to construe deeds absolute as mortgages is that the testimony must be clear, cogent and convincing.

This court said in the case of *Frazier* v. *Lofton,* 200 Ark. 4, 137 S. W. 2d 750, that: "Before a court would be warranted in setting aside the solemn recitals in a deed or any written instrument acknowledged, the *quantum* of testimony required must rise above a preponderance of the testimony. To do this the testimony must be clear, cogent and convincing. A mere preponderance is not sufficient."

The court said in the case of *Burns* v. *Fielder,* 197 Ark. 85, 122 S. W. 2d 160, that: "The evidence necessary to impeach the solemn recitations of the deed must be clear and convincing. As was said in *Bevans* v. *Brown,*

196 Ark. 1177, 120 S. W. 2d 574, such evidence 'must be so clear that reasonable minds will have no doubt that such an agreement was executed. It must be so convincing that serious argument cannot be urged against it by reasonable people'."

In the case of *Stephens* v. *Keener,* 199 Ark. 1051, 137 S. W. 2d 253, this court approved a declaration of the Supreme Court of North Dakota in the case of *Jasper* v. *Hazen,* 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58, as follows: "The presumption that an instrument executed with the formality of a deed, or a contract deliberately entered into, expresses on its face its true intent and purpose, is so persuasive that he who would establish the contrary must go far beyond the ordinary rule of preponderance."

We have said in many cases that the evidence necessary to have a deed declared a mortgage should be "clear, unequivocal and convincing."

Applying this rule of evidence to the instant case, we do not think appellees have introduced testimony sufficient to meet the requirement or test of the rule of evidence.

A very strong circumstance showing that the instrument was intended as a deed and not a mortgage is the fact that government stamps in the sum of $3.50 were affixed to the instrument. At the time the deed was executed the government required that deeds be stamped, and did not require that mortgages be stamped.

Another cogent circumstance indicating that the instrument was intended as a deed is that no attempt was ever made to have same canceled, and the undisputed evidence shows that no attempt was made by E. P. Griffin to reconvey G. W. Griffin's one-ninth interest in said real estate back to him. It has been permitted to remain on the record as a deed from the 10th day of March, 1919, until the present time.

We think G. W. Griffin is estopped after this great length of time from intervening in appellant's foreclosure proceedings on the ground that the deed he exe-

cuted to his brother on the 10th day of March, 1919, is intended as and is a mortgage instead of a deed. Appellant relying upon the record made by G. W. Griffin in that year, loaned E. P. Griffin and J. L. Griffin $10,000 under the belief that it was receiving a mortgage on a three-ninths interest owned by them in the 640-acre tract of land. Had G. W. Griffin required his brother to reconvey to him his interest in this land when G. W. Griffin claimed he paid off the mortgage, then it would have appeared from the record that E. P. Griffin and J. L. Griffin only had two-ninths interest in said land. In that event appellant would not have been misled as to the security it was receiving.

This court said in the case of *Trapnall v. Burton,* 24 Ark. 371, that: "When a man has deliberately done an act or said a thing, and another person who had a right to do so, has relied on that act or word and shaped his conduct accordingly and will be injured if the former can repudiate the act or recall the word, it shall not be done."

We are not convinced from this record that it has been shown by clear, unequivocal and convincing evidence that the deed executed by G. W. Griffin and Bessie Grifin on the 10th day of March, 1919, to G. W. Griffin's one-ninth interest in said land was intended to be and was a mortgage, nor are we convinced by even a preponderance of the evidence that appellant, through its president, J. M. Barker, Sr., knew anything about said deed or advised the execution thereof or that the bank's president told E. P. Griffin that it was not taking a mortgage or intending to take a mortgage on G. W. Griffin's one-ninth interest in said real estate which he had theretofore conveyed to E. P. Griffin.

The decree is, therefore, reversed and remanded with directions to the trial court to foreclose the mortgage lien of appellant against three-ninths undivided interest in said tract of land instead of two-ninths interest therein to pay the balance due said appellant by E. P. Griffin and J. L. Griffin.